# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USDC Docket Number: 25cv11913-IT

USCA Docket Number: (25-1698) and (25-1755)

Planned Parenthood Federation of America, Inc. et al

v.

Robert F. Kennedy, Jr. et al

## CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed _____ paper documents __X__ electronic documents:

**Main Documents:**

Document Numbers: ECF NOS. 89 AND 93

**Other Documents:**

Sealed Records:

Document Numbers: _____

*Ex parte* Records:

Document Numbers: _____

are to be included with the record on appeal in the above entitled case.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on SEPTEMBER 1, 2025 .

ROBERT M. FARRELL
Clerk of Court

By: /s/MATTHEW A. PAINE
Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: _____.

_____
Deputy Clerk, US Court of Appeals

APPEAL,STAYED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–11913–IT</u>

Planned Parenthood Federation of America, Inc. et al v. Kennedy et al
Assigned to: Judge Indira Talwani
 related Case:  1:25–cv–12118–IT
 Case in other court:  USCA – First Circuit, 25–01698
                USCA – First Circuit, 25–01755
Cause: 28:2201 Injunction

Date Filed: 07/07/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**Planned Parenthood Federation of America, Inc.**

represented by **Alan E. Schoenfeld**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212–937–7294
Fax: 212–937–8888
Email: alan.schoenfeld@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Albinas Prizgintas**
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
202–663–6719
Fax: 202–663–6363
Email: albinas.prizgintas@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Alexander Miller**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212–295–6272
Email: alex.miller@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**C. Peyton Humphreville**
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212–965–7000

1

Email: catherine.humphreville@ppfa.org
*ATTORNEY TO BE NOTICED*

**Cassandra Mitchell**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
250 Greenwich Street
New York City, NY 10007
212–937–7273
Email: cassie.mitchell@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Emily Nestler**
Planned Parenthood Federation of America
Planned Parenthood Federation of America
1110 Vermont Avenue NW
Washington, DC 20005
202–973–4800
Email: emily.nestler@ppfa.org
*ATTORNEY TO BE NOTICED*

**Jennifer Sandman**
Planned Parenthood Federation of America
Public Policy Litigation & Law
123 William Street
Floor 9
New York, NY 10038
212–261–4584
Email: jennifer.sandman@ppfa.org
*ATTORNEY TO BE NOTICED*

**Kyla Eastling**
Planned Parenthood Federation of America
123 William St.
Floor 9
New York, NY 10038
858–692–5797
Email: kyla.eastling@ppfa.org
*ATTORNEY TO BE NOTICED*

**Sharon Hogue**
Wilmer Hale LLP
60 State Street
Boston, MA 02109
617–526–6702
Email: sharon.hogue@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Planned Parenthood League of
Massachusetts**

represented by **Alan E. Schoenfeld**
(See above for address)

2

*ATTORNEY TO BE NOTICED*

**Albinas Prizgintas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexander Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**C. Peyton Humphreville**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cassandra Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Emily Nestler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Sandman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyla Eastling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sharon Hogue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Planned Parenthood Association of Utah** | represented by | **Alan E. Schoenfeld**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Albinas Prizgintas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexander Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**C. Peyton Humphreville**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cassandra Mitchell**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Emily Nestler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Sandman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyla Eastling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sharon Hogue**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Robert F. Kennedy, Jr.**
*in his official capacity as Secretary of the U.S. Department of Health and Human Services*

represented by **Emily Margaret Hall**
DOJ–Civ
Civil Division, Office of the Assistant
Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530
202–307–6482
Email: emily.hall@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth Neylan**
DOJ–Civ
1100 L St. NW
Washington, DC 20005
771–217–8180
Email: elisabeth.j.neylan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
DOJ–Civ
950 Pennsylvania Ave NW
Washington, DC 20530
771–209–1978
Email: elizabeth.t.hedges@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

4

**U.S. Department of Health and Human Services**

**Emily Margaret Hall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth Neylan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mehmet Oz**
*in his official capacity as Administrator of the Centers for Medicare & Medicaid Services*

represented by **Emily Margaret Hall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth Neylan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Centers for Medicare & Medicaid Services**

represented by **Emily Margaret Hall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elisabeth Neylan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**American Center for Law & Justice**
201 Maryland Ave., NE, DC 20002

represented by **Olivia F. Summers**
ACLJ
1000 Regent University Dr.
Ste 422
Virginia Beach, VA 23464
757–955–8176
Email: osummers@aclj.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

5

**Jordan A. Sekulow**
American Center for Law and Justice
201 Maryland Ave., NE
Washington, DC 20002
202–546–8890
Email: jordansekulow@aclj.org
*ATTORNEY TO BE NOTICED*

**Nathan Jeremiah Moelker**
The American Center for Law and Justice
201 Maryland Ave NE
Washington, DC 20002
724–987–8477
Email: nmoelker@aclj.org
*ATTORNEY TO BE NOTICED*

**Thomas M. Harvey**
Law Office of Thomas M. Harvey
22 Mill Street
Suite 408
Arlington, MA 02476–4744
617–710–3616
Fax: 781–643–1126
Email: tharveyesq@aol.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 07/07/2025 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants Filing fee: $ 405, receipt number AMADC–11104085 (Fee Status: Filing Fee paid), filed by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 2 | CORPORATE DISCLOSURE STATEMENT by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 3 | MOTION for Leave to File Excess Pages by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts.(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 4 | Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Text of Proposed Order)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 5 | MEMORANDUM in Support re 4 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of |

6

| | | Massachusetts. (Attachments: # 1 Exhibit 1 – Declaration of Kimberly Custer, # 2 Exhibit 2 – Declaration of Dominique Lee, # 3 Exhibit 3 – Declaration of Shireen Ghorbani, # 4 Exhibit 4 – Declaration of Jenna Tosh, # 5 Exhibit 5 – Declaration of Claire D. Brindis)(Hogue, Sharon) (Entered: 07/07/2025) |
|---|---|---|
| 07/07/2025 | 6 | NOTICE of Appearance by Sharon Hogue on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Alan Schoenfeld Filing fee: $ 125, receipt number AMADC–11104437 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Alan Schoenfeld)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Albinas Prizgintas Filing fee: $ 125, receipt number AMADC–11104462 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Albinas Prizgintas)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice for admission of Cassandra Mitchell Filing fee: $ 125, receipt number AMADC–11104475 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Cassandra Mitchell)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Alex W. Miller Filing fee: $ 125, receipt number AMADC–11104496 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Alex W. Miller)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice for admission of Jennifer Sandman Filing fee: $ 125, receipt number AMADC–11104533 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Jennifer Sandman)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 12 | MOTION for Leave to Appear Pro Hac Vice for admission of Emily Nestler Filing fee: $ 125, receipt number AMADC–11104556 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Emily Nestler)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of C. Peyton Humphreville Filing fee: $ 125, receipt number AMADC–11104566 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of C. Peyton Humphreville)(Hogue, Sharon) (Entered: 07/07/2025) |
| 07/07/2025 | 14 | MOTION for Leave to Appear Pro Hac Vice for admission of Kyla Eastling Filing fee: $ 125, receipt number AMADC–11104577 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Declaration of Kyla Eastling)(Hogue, Sharon) |

| | | |
|---|---|---|
| | | (Entered: 07/07/2025) |
| 07/07/2025 | 15 | ELECTRONIC NOTICE of Case Assignment. Judge Indira Talwani assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (NMC) (Entered: 07/07/2025) |
| 07/07/2025 | 16 | Summons Issued as to Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (SEC) (Entered: 07/07/2025) |
| 07/07/2025 | 17 | Judge Indira Talwani: ELECTRONIC ORDER granting *nunc pro tunc* Motion for Leave to File Excess Pages 3 . (SEC) (Entered: 07/07/2025) |
| 07/07/2025 | 18 | Judge Indira Talwani: TEMPORARY RESTRAINING ORDER. See attached. (SEC) (Entered: 07/07/2025) |
| 07/07/2025 | 19 | Judge Indira Talwani: ELECTRONIC ORDER: Defendants shall file any opposition to the Plaintiffs' request for a preliminary injunction, see Motion 4 , no later than July 14, 2025. The clerk shall set a hearing on the motion for the morning of July 21, 2025. (SEC) (Entered: 07/07/2025) |
| 07/07/2025 | 20 | Judge Indira Talwani: ELECTRONIC ORDER entered granting 7 Motion for Leave to Appear Pro Hac Vice; granting 8 Motion for Leave to Appear Pro Hac Vice; granting 9 Motion for Leave to Appear Pro Hac Vice; granting 10 Motion for Leave to Appear Pro Hac Vice; granting 11 Motion for Leave to Appear Pro Hac Vice; granting 12 Motion for Leave to Appear Pro Hac Vice; granting 13 Motion for Leave to Appear Pro Hac Vice; granting 14 Motion for Leave to Appear Pro Hac Vice. Added Alan Schoenfeld, Albinas Prizgintas, Cassandra Mitchell, Alex W. Miller, Jennifer Sandman, Emily Nestler, C. Peyton Humphreville, and Kyla Eastling. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br> A Notice of Appearance must be entered on the docket by each of the newly admitted attorneys. <br><br> (SEC) (Entered: 07/07/2025) |
| 07/08/2025 | 21 | ELECTRONIC NOTICE Setting Hearing on Motion 4 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction:* Motion Hearing set for 7/21/2025 11:00 AM in Courtroom 9 (In person only) before Judge Indira Talwani. (GAM) (Entered: 07/08/2025) |
| 07/08/2025 | 22 | |

| | | NOTICE of Appearance by Alan E. Schoenfeld on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Schoenfeld, Alan) (Entered: 07/08/2025) |
|---|---|---|
| 07/08/2025 | 23 | MOTION to Continue Hearing on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction to July 24, 2025 by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts.(Schoenfeld, Alan) (Entered: 07/08/2025) |
| 07/09/2025 | 24 | Opposition re 23 MOTION to Continue Hearing on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction to July 24, 2025 filed by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. (Neylan, Elisabeth) (Entered: 07/09/2025) |
| 07/09/2025 | 25 | Judge Indira Talwani: ELECTRONIC ORDER: Plaintiffs' Motion to Continue Hearing 23 seeks to continue the July 21, 2025 hearing on Plaintiffs' Motion for a Preliminary Injunction 4 , or in the alternative, to reschedule the hearing for July 18, 2025, based on Plaintiffs' counsel's schedule. Defendants request that the court deny Plaintiffs' Motion for lack of good cause to delay the hearing where Plaintiffs are represented by multiple counsel and where Defendants do not oppose Plaintiffs' remote attendance at the hearing. Defendants' Opp. 1–2 24 . Defendants note further that where a TRO has been entered, the hearing should be scheduled "at the earliest possible time," and that if the hearing is rescheduled, it should be set for July 17 or July 18, 2025, while maintaining existing briefing schedules. Id. (citing Fed. R. Civ. P. 65(b)(3)). <br><br> Where both sides are available for an earlier hearing on July 18, 2025, the clerk shall reset the hearing on Plaintiffs' Motion for Preliminary Injunction 4 for the morning of July 18, 2025. Defendants' time to file an opposition to Plaintiffs' Motion for Preliminary Injunction 4 remains set for July 14, 2025. Plaintiffs' Motion to Continue Hearing 23 is denied as moot.(SEC) <br><br> (Entered: 07/09/2025) |
| 07/09/2025 | 26 | ELECTRONIC NOTICE Resetting Hearing on Motion 4 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* : Motion Hearing RESET for 7/18/2025 09:00 AM in Courtroom 9 (In person only) before Judge Indira Talwani. (SEC) (Entered: 07/09/2025) |
| 07/09/2025 | 27 | NOTICE of Appearance by Elisabeth Neylan on behalf of Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services (Neylan, Elisabeth) (Entered: 07/09/2025) |
| 07/10/2025 | 28 | NOTICE of Appearance by Elizabeth Themins Hedges on behalf of Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services (Hedges, Elizabeth) (Entered: 07/10/2025) |
| 07/11/2025 | 29 | MOTION to Vacate 18 Temporary Restraining Order *Motion to Dissolve* by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. ~~(Attachments: # 1 Memorandum)~~(Hedges, Elizabeth) Memorandum in Support filed as own entry. See 30 (SEC). (Entered: 07/11/2025) |
| 07/11/2025 | 30 | MEMORANDUM in Support re 29 MOTION to Vacate 18 Temporary Restraining Order *Motion to Dissolve* filed by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. (SEC |

| | | (Entered: 07/11/2025) |
|---|---|---|
| 07/11/2025 | 31 | NOTICE of Appearance by Thomas M. Harvey on behalf of American Center for Law & Justice (Harvey, Thomas) (Entered: 07/11/2025) |
| 07/11/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice for admission of Nathan J. Moelker Filing fee: $ 125, receipt number AMADC–11117447 by American Center for Law & Justice.(Harvey, Thomas) (Entered: 07/11/2025) |
| 07/11/2025 | 33 | MOTION for Leave to Appear Pro Hac Vice for admission of Jordan A. Sekulow Filing fee: $ 125, receipt number AMADC–11117514 by American Center for Law & Justice. (Attachments: # 1 Exhibit amicus declaration)(Harvey, Thomas) (Entered: 07/11/2025) |
| 07/11/2025 | 34 | MOTION for Leave to Appear Pro Hac Vice for admission of Olivia F. Summers Filing fee: $ 125, receipt number AMADC–11117543 by American Center for Law & Justice. (Attachments: # 1 Exhibit amicus declaration)(Harvey, Thomas) (Entered: 07/11/2025) |
| 07/11/2025 | 35 | STATUS REPORT by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. (Neylan, Elisabeth) (Entered: 07/11/2025) |
| 07/11/2025 | 36 | Assented to MOTION for Leave to File *Amicus Curiae Brief* by American Center for Law & Justice. (Attachments: # 1 Certificate of Compliance)(Harvey, Thomas) (Additional attachment(s) added on 7/11/2025: # 2 Proposed Amicus Brief) (SEC). (Entered: 07/11/2025) |
| 07/11/2025 | 37 | ~~AMICUS BRIEF filed by American Center for Law & Justice . (Harvey, Thomas)~~ Proposed Amicus Brief filed as attachment to motion. See 36 –2 (SEC). (Entered: 07/11/2025) |
| 07/11/2025 | 38 | NOTICE of Appearance by Alexander Miller on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Miller, Alexander) (Entered: 07/11/2025) |
| 07/11/2025 | 39 | NOTICE of Appearance by Albinas Prizgintas on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Prizgintas, Albinas) (Entered: 07/11/2025) |
| 07/11/2025 | 40 | NOTICE of Appearance by Cassandra Mitchell on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Mitchell, Cassandra) (Entered: 07/11/2025) |
| 07/11/2025 | 41 | Judge Indira Talwani: ELECTRONIC ORDER **allowing** 36 Assented to MOTION for Leave to File *Amicus Curiae Brief*. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (SEC) (Entered: 07/11/2025) |
| 07/11/2025 | 42 | Judge Indira Talwani: ELECTRONIC ORDER entered granting 32 Motion for Leave to Appear Pro Hac Vice; granting 33 Motion for Leave to Appear Pro Hac Vice; |

| | | |
|---|---|---|
| | | granting 34 Motion for Leave to Appear Pro Hac Vice. Added Nathan J. Moelker, Jordan A. Sekulow, and Olivia F. Summers.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by each of the newly admitted attorneys.<br><br>(SEC) (Entered: 07/11/2025) |
| 07/11/2025 | 43 | NOTICE of Appearance by Olivia F. Summers on behalf of American Center for Law & Justice (Summers, Olivia) (Entered: 07/11/2025) |
| 07/11/2025 | 44 | AMICUS BRIEF filed by American Center for Law & Justice . (Summers, Olivia) (Entered: 07/11/2025) |
| 07/11/2025 | 45 | NOTICE of Appearance by Nathan Jeremiah Moelker on behalf of American Center for Law & Justice (Moelker, Nathan) (Entered: 07/11/2025) |
| 07/11/2025 | 46 | Judge Indira Talwani: ORDER entered on Defendants' Motion to Vacate 29 . The court dissolves the Temporary Restraining Order 18 issued on July 7, 2025, and enters this AmendedTemporary Restraining Order for the reasons set forth therein. See attached Amended Temporary Restraining Order. (Talwani, Indira) (Entered: 07/11/2025) |
| 07/13/2025 | 47 | NOTICE of Appearance by Emily Margaret Hall on behalf of Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services (Hall, Emily) (Entered: 07/13/2025) |
| 07/14/2025 | 48 | NOTICE of Appearance by C. Peyton Humphreville on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Humphreville, C. Peyton) (Entered: 07/14/2025) |
| 07/14/2025 | 49 | MOTION for Leave to File Excess Pages by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services.(Neylan, Elisabeth) (Entered: 07/14/2025) |
| 07/14/2025 | 50 | NOTICE of Appearance by C. Peyton Humphreville on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Humphreville, C. Peyton) (Entered: 07/14/2025) |
| 07/14/2025 | 51 | Judge Indira Talwani: ELECTRONIC ORDER **allowing** 49 MOTION for Leave to File Excess Pages; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (SEC) (Entered: 07/14/2025) |

| 07/14/2025 | 52 | NOTICE of Appearance by Jennifer Sandman on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Sandman, Jennifer) (Entered: 07/14/2025) |
| --- | --- | --- |
| 07/14/2025 | 53 | MEMORANDUM in Opposition re 4 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. (Attachments: # 1 Affidavit Costello Declaration, # 2 Affidavit Snyder Declaration)(Neylan, Elisabeth) Modified on 7/15/2025 to correct heading error (SEC). (Entered: 07/14/2025) |
| 07/15/2025 | 54 | NOTICE of Appearance by Jordan A. Sekulow on behalf of American Center for Law & Justice (Sekulow, Jordan) (Entered: 07/15/2025) |
| 07/15/2025 | 55 | NOTICE by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts *of Undertaking on Temporary Restraining Order* (Schoenfeld, Alan) (Entered: 07/15/2025) |
| 07/15/2025 | 56 | NOTICE of Appearance by Emily Nestler on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Nestler, Emily) (Entered: 07/15/2025) |
| 07/16/2025 | 57 | NOTICE of Appearance by Kyla Eastling on behalf of Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts (Eastling, Kyla) (Entered: 07/16/2025) |
| 07/17/2025 | 58 | MOTION for Leave to File *a Reply in Support of Motion for Preliminary Injunction* by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Exhibit A – Plaintiffs' Proposed Reply, # 2 Exhibit 1)(Schoenfeld, Alan) (Entered: 07/17/2025) |
| 07/17/2025 | 59 | Judge Indira Talwani: ELECTRONIC ORDER **allowing** 58 MOTION for Leave to File a Reply in Support of Motion for Preliminary Injunction. <br><br> Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (SEC) <br><br> (Entered: 07/17/2025) |
| 07/17/2025 | 60 | REPLY to Response to 4 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Attachments: # 1 Exhibit 1)(Schoenfeld, Alan) (Entered: 07/17/2025) |
| 07/18/2025 | 61 | Electronic Clerk's Notes for proceedings held before Judge Indira Talwani: Motion Hearing held on 7/18/2025 re 4 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Planned Parenthood League of Massachusetts, Planned Parenthood Federation of America, Inc., Planned Parenthood Association of Utah. Case called. Court heard argument from counsel. Order to issue by 7/21/2025. |

| | | |
|---|---|---|
| | | (Court Reporter: Robert Paschal at rwp.reporter@gmail.com.)(Attorneys present: Kyla Eastling, Sharon Hogue, C. Peyton Humphreville, Alexander Miller, Emily Nestler, Albinas Prizgintas, Alan E. Schoenfeld, Emily Margaret Hall, Elizabeth Themins Hedges) (GAM) (Entered: 07/18/2025) |
| 07/21/2025 | 62 | Judge Indira Talwani: Plaintiffs' Emergency Motion for a Preliminary Injunction [Doc. No. 4] is GRANTED in part and otherwise remains under advisement. See attached Memorandum and Order. (Talwani, Indira) (Entered: 07/21/2025) |
| 07/22/2025 | 63 | NOTICE OF APPEAL as to 62 Order on Motion for TRO by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. Fee Status: US Government.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 8/11/2025. (Hall, Emily) (Entered: 07/22/2025)** |
| 07/22/2025 | 64 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 63 Notice of Appeal. (MAP) (Entered: 07/22/2025) |
| 07/23/2025 | 65 | USCA Case Number 25–1698 for 63 Notice of Appeal, filed by Robert F. Kennedy, Jr., Centers for Medicare & Medicaid Services, Mehmet Oz, U.S. Department of Health and Human Services. (MAP) (Entered: 07/23/2025) |
| 07/23/2025 | 66 | Emergency MOTION for Clarification *of the Court's July 21, 2025 Order or, in the Alternative, to Extend Amended Temporary Restraining Order* by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts.(Schoenfeld, Alan) (Entered: 07/23/2025) |
| 07/23/2025 | 67 | MEMORANDUM in Support re 66 Emergency MOTION for Clarification *of the Court's July 21, 2025 Order or, in the Alternative, to Extend Amended Temporary Restraining Order* filed by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Schoenfeld, Alan) (Entered: 07/23/2025) |
| 07/24/2025 | 68 | NOTICE by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services *of Intent to Oppose Pls.' Motion for Clarification, ECF Nos. 66, 67.* (Neylan, Elisabeth) (Entered: 07/24/2025) |
| 07/28/2025 | 69 | Judge Indira Talwani: ELECTRONIC ORDER granting Plaintiffs' Motion for a Preliminary Injunction 4 . See attached Memorandum and Order. (SEC) (Entered: 07/28/2025) |
| 07/28/2025 | 70 | Transcript of Motion Hearing held on July 18, 2025, before Judge Indira Talwani. COA Case No. 25–1698. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Robert Paschal at rwp.reporter@gmail.com. Redaction Request due 8/18/2025. Redacted Transcript Deadline set for 8/28/2025. Release of Transcript Restriction set for 10/27/2025. (DRK) (Entered: 07/29/2025) |

| | | |
|---|---|---|
| 07/29/2025 | 71 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 07/29/2025) |
| 07/29/2025 | 72 | Judge Indira Talwani: ELECTRONIC ORDER denying without prejudice Plaintiffs' Emergency Motion for Clarification of the Court's July 21, 2025 Order or, in the Alternative, to Extend Amended Temporary Restraining Order 66 . Any renewed Motion for Clarification should be directed at this court's July 28, 2025 Memorandum & Order 69 , rather than the July 21, 2025 Memorandum & Order 62 . (SEC) (Entered: 07/29/2025) |
| 08/04/2025 | 73 | Joint MOTION for Clarification , or in the Alternative, MOTION for Extension of Time to August 11, 2025 to Submit a Proposed Case Schedule, or Move to Extend Such Deadline ( Responses due by 8/18/2025) by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts.(Schoenfeld, Alan) (Entered: 08/04/2025) |
| 08/05/2025 | 74 | Judge Indira Talwani: ELECTRONIC ORDER granting Joint Motion to Clarify, or in the Alternative to Extend, Deadline to Submit Case Schedule 73 . The parties shall submit a proposed case schedule by August 11, 2025. (SEC) (Entered: 08/05/2025) |
| 08/05/2025 | 75 | NOTICE OF APPEAL as to 69 Memorandum & ORDER by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. Fee Status: US Government.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 8/25/2025. (Neylan, Elisabeth) (Entered: 08/05/2025)** |
| 08/05/2025 | 76 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 75 Notice of Appeal. (MAP) (Entered: 08/05/2025) |
| 08/05/2025 | 77 | SUMMONS Returned Executed Mehmet Oz served on 7/10/2025, answer due 7/31/2025. (Schoenfeld, Alan) (Entered: 08/05/2025) |
| 08/05/2025 | 78 | SUMMONS Returned Executed Centers for Medicare & Medicaid Services served on 7/10/2025, answer due 7/31/2025. (Schoenfeld, Alan) (Entered: 08/05/2025) |
| 08/05/2025 | 79 | SUMMONS Returned Executed U.S. Department of Health and Human Services served on 7/10/2025, answer due 7/31/2025. (Schoenfeld, Alan) (Entered: 08/05/2025) |
| 08/05/2025 | 80 | SUMMONS Returned Executed Robert F. Kennedy, Jr served on 7/10/2025, answer due 7/31/2025. (Schoenfeld, Alan) (Entered: 08/05/2025) |
| 08/05/2025 | 81 | SUMMONS Returned Executed by Planned Parenthood Association of Utah, Planned Parenthood League of Massachusetts, Planned Parenthood Federation of America, Inc.. (Schoenfeld, Alan) (Entered: 08/05/2025) |
| 08/05/2025 | 82 | |

| | | |
|---|---|---|
| | | SUMMONS Returned Executed as to US Attorney by Planned Parenthood Association of Utah, Planned Parenthood League of Massachusetts, Planned Parenthood Federation of America, Inc.. (Schoenfeld, Alan) (Entered: 08/05/2025) |
| 08/07/2025 | 83 | USCA Case Number 25−1755 for 75 Notice of Appeal, filed by Robert F. Kennedy, Jr., Centers for Medicare & Medicaid Services, Mehmet Oz, U.S. Department of Health and Human Services. (MAP) (Entered: 08/07/2025) |
| 08/07/2025 | 84 | MOTION to Stay re 62 Order on Motion for TRO, 69 Memorandum & ORDER by Centers for Medicare and Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services.(Neylan, Elisabeth) (Entered: 08/07/2025) |
| 08/07/2025 | 85 | MEMORANDUM in Support re 84 MOTION to Stay re 62 Order on Motion for TRO, 69 Memorandum & ORDER filed by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services. (Neylan, Elisabeth) (Entered: 08/07/2025) |
| 08/11/2025 | 86 | Joint MOTION to Stay *Further District Court Proceedings Pending Resolution of the Government's Motion to Stay Preliminary Injunctions Pending Appeal* by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts.(Schoenfeld, Alan) (Entered: 08/11/2025) |
| 08/11/2025 | 87 | Judge Indira Talwani: ELECTRONIC ORDER entered. On July 21, 2025, the court granted in part Plaintiffs' Emergency Motion for a Preliminary Injunction [Doc. No. 4], enjoining Defendants from enforcing the provisions of Section 71113 of "An Act to provide for reconciliation pursuant to title II of H. Con. Res. 14" against Planned Parenthood Association of Utah and other Planned Parenthood Federation of America Members who will not provide abortion services as of October 1, 2025, or for which the total amount of Federal and State expenditures under the Medicaid program under title XIX of the Social Security Act for medical assistance furnished in fiscal year 2023 made directly to them did not exceed $800,000. Mem. & Order 35 [Doc. No. 62]. At the same time, the court considered and denied Defendants' request, see Defs.' Mem. 44 [Doc. No. 53], that any injunctive relief be stayed pending appeal, Mem. & Order 33−35 [Doc. No. 62]. Defendants filed an appeal the following day, see Notice of Appeal [Doc. No. 63], but did not seek a stay from the First Circuit.

On July 28, 2025, the court granted Plaintiffs' Emergency Motion for a Preliminary Injunction [Doc. No. 4] in full, enjoining Defendants from enforcing the provisions of Section 71113 of "An Act to provide for reconciliation pursuant to title II of H. Con. Res. 14" against Planned Parenthood Association of Utah, Planned Parenthood League of Massachusetts, and all other Planned Parenthood Federation of America Members. Mem. & Order 57−58 [Doc. No. 69]. The court again considered and denied Defendants' request, see Defs.' Mem. 44 [Doc. No. 53], that any injunctive relief be stayed pending appeal. Mem. & Order 56−57 [Doc. No. 69]. Defendants filed an appeal eight days later, on August 5, 2025, see Notice of Appeal [Doc. No. 75], but have not sought a stay from the First Circuit to date.

On August 7, 2025, after filing their second Notice of Appeal [Doc. No. 75], Defendants filed a stand−alone Motion to Stay Preliminary Injunctions Pending Appeal [Doc. No. 84] in this court. Defendants acknowledge that they had previously requested a stay and that the court had denied the request, see Mem. in Support 2 [Doc. No. 85] (citing Defs.' Mem. at 44 [Doc. No. 53] (requesting stay pending |

appeal); Mem. & Order 33–35 [Doc. No. 62] (denying stay request); Mem. & Order 56–57 [Doc. No. 69] (denying stay request)). Defendants explain their further filing by citing Am. Pub. Health Assn v. Nat'l Institutes of Health, –– F.4th––, 2025 WL 2017106, at *8 (1st Cir. July 18, 2025) (requiring the government to raise all arguments in support of stay pending appeal in its stay motion).

Defendants also "request[] a ruling on this motion by this Monday, August 11, 2025, so that [Defendants] may promptly request relief from the First Circuit, if necessary." Mem. in Support 2–3 [Doc. No. 85]. But the court has already ensured that Defendants could immediately seek relief from the First Circuit by acting on their previous request for a stay at the same time that the court addressed Plaintiffs' Emergency Motion for a Preliminary Injunction [Doc. No. 4]. In light of that, Defendants' belated concern about presenting all arguments to this court does not justify an expedited ruling on Defendants' request for reconsideration.

Plaintiffs shall file their response to Defendants' Motion to Stay [Doc. No. 84] no later than August 21, 2025. The court anticipates considering Defendants' Motion [Doc. No. 84] promptly once Plaintiffs have filed their response.(Talwani, Indira) (Entered: 08/11/2025)

| 08/13/2025 | 88 | Judge Indira Talwani: ELECTRONIC ORDER granting Joint Motion to Stay Further District Court Proceedings 86 . Good cause shown, the court stays further proceedings in this court, except as to Defendants' Motion to Stay Preliminary Injunctions Pending Appeal 84 , pending resolution of that motion and any similar motion made on appeal. Plaintiffs' deadline to submit any response to Defendants' Motion 84 remains August 21, 2025, in accordance with the court's previous Electronic Order 87 . (SEC) (Entered: 08/13/2025) |
| 08/19/2025 | 89 | ORDER of USCA as to 63 Notice of Appeal filed by Robert F. Kennedy, Jr., Centers for Medicare & Medicaid Services, Mehmet Oz, U.S. Department of Health and Human Services and 75 Notice of Appeal filed by Robert F. Kennedy, Jr., Centers for Medicare & Medicaid Services, Mehmet Oz, U.S. Department of Health and Human Services. (JAM) Modified on 9/1/2025 to Correct Filing Date. (MAP). (Entered: 08/20/2025) |
| 08/20/2025 | 90 | NOTICE by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services re 85 Memorandum in Support of Motion, 84 MOTION to Stay re 62 Order on Motion for TRO, 69 Memorandum & ORDER (Neylan, Elisabeth) (Entered: 08/20/2025) |
| 08/20/2025 | 91 | NOTICE by Centers for Medicare & Medicaid Services, Robert F. Kennedy, Jr, Mehmet Oz, U.S. Department of Health and Human Services re 85 Memorandum in Support of Motion, 84 MOTION to Stay re 62 Order on Motion for TRO, 69 Memorandum & ORDER (Neylan, Elisabeth) (Entered: 08/20/2025) |
| 08/21/2025 | 92 | Opposition re 84 MOTION to Stay re 62 Order on Motion for TRO, 69 Memorandum & ORDER filed by Planned Parenthood Association of Utah, Planned Parenthood Federation of America, Inc., Planned Parenthood League of Massachusetts. (Schoenfeld, Alan) (Entered: 08/21/2025) |
| 08/29/2025 | 93 | Judge Indira Talwani MEMORANDUM AND ORDER: For the reasons set forth in the attached document, Defendants' Motion [Doc. No. 84] is DENIED. (GAM) (Entered: 08/29/2025) |

# United States Court of Appeals
## For the First Circuit

_____

Nos.   25-1698
       25-1755

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; PLANNED
PARENTHOOD LEAGUE OF MASSACHUSETTS; PLANNED PARENTHOOD
ASSOCIATION OF UTAH,

Plaintiffs - Appellees,

v.

ROBERT F. KENNEDY, JR., in the official capacity as Secretary of the U.S. Department of
Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN
SERVICES; MEHMET OZ, in the official capacity as Administrator of the Centers for Medicare
& Medicaid Services; CENTERS FOR MEDICARE & MEDICAID SERVICES,

Defendants - Appellants.

_____

Before

Gelpí, Montecalvo, and Aframe,
Circuit Judges.

_____

**ORDER OF COURT**

Entered: August 19, 2025

Defendant-Appellants have filed in this court a "Motion for Stay Pending Appeal" (the "Motion"). Consistent with Federal Rule of Appellate Procedure 8(a), Defendant-Appellants also have filed a motion for stay pending appeal in the district court. That motion remains pending, and the district court has directed Plaintiff-Appellees to file a response by August 21, 2025. The district court indicated that it expected to consider the motion "promptly" after the filing of a response.

So that the district court may have a full opportunity to address the stay motion before it, the Motion is denied. See generally Fed. R. App. P. 8(a). This denial is without prejudice to filing a renewed stay motion after any relevant ruling at the district court.

17

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Hon. Indira Talwani
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Donald Campbell Lockhart
Daniel Tenny
Abraham R. George
Steven H. Hazel
Emily Hall
Elisabeth Neylan
Elizabeth Themins Hedges
Bradley Humphreys
Jacob Siler
Alan Evan Schoenfeld
Emily B. Nestler
Sharon Hogue
Albinas Prizgintas
Alexander Miller
Catherine Peyton Humphreville
Cassandra Mitchell
Jennifer Sandman
Kyla Eastling
Thomas Michael Harvey
Nathan Jeremiah Moelker
Olivia F. Summers
Jordan A. Sekulow

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD LEAGUE OF MASSACHUSETTS, and PLANNED PARENTHOOD ASSOCIATION OF UTAH,<br><br>       Plaintiffs,<br><br>       v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the U.S. Department of Health and Human Services, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, MEHMET OZ, in his official capacity as Administrator of the Centers for Medicare & Medicaid Services, and CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>       Defendants. | Civil Action No. 1:25-cv-11913-IT |

MEMORANDUM & ORDER

August 29, 2025

TALWANI, D.J.

Pending before the court is Defendants' Motion to Stay Preliminary Injunctions Pending Appeal [Doc. No. 84]. Plaintiffs Planned Parenthood Federation of America, Inc. ("Planned Parenthood Federation"), Planned Parenthood League of Massachusetts ("Planned Parenthood Massachusetts"), and Planned Parenthood Association of Utah ("Planned Parenthood Utah") assert that Defendants have not carried their burden to show that a stay is warranted. See generally Opp'n [Doc. No. 92]. For the reasons set forth below, Defendants' Motion [Doc. No. 84] is DENIED.

## I.    Background

The court incorporates by reference the factual findings set forth in its Memorandum & Order [Doc. No. 69].

To summarize, on July 4, 2025, the President signed into law An Act to provide for reconciliation pursuant to title II of H. Con. Res. 14 ("the 2025 Reconciliation Act"), Pub. L. No. 119-21, 139 Stat. 72 (2025). Mem. & Order 23 [Doc. No. 69]. Section 71113(a) of the 2025 Reconciliation Act directs that certain "prohibited entities" may not receive federal Medicaid reimbursements for a one-year period beginning on the law's effective date. Pub. L. No. 119-21, § 71113(a), 139 Stat. 72, 300 (July 4, 2025). Section 71113(b)(1) defines a "prohibited entity" as:

> an entity, including its affiliates, subsidiaries, successors, and clinics—
>
> (A) that, as of the first day of the first quarter beginning after the date of enactment of this Act—
>
>> (i) is an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 and exempt from tax under section 501(a) of such Code;
>>
>> (ii) is an essential community provider described in section 156.235 of title 45, Code of Federal Regulations (as in effect on the date of enactment of this Act), that is primarily engaged in family planning services, reproductive health, and related medical care; and
>>
>> (iii) provides for abortions, other than an abortion-
>>
>>> (I) if the pregnancy is the result of an act of rape or incest; or
>>>
>>> (II) in the case where a woman suffers from a physical disorder, physical injury, or physical illness, including a life-endangering physical condition caused by or arising from the pregnancy itself, that would, as certified by a physician, place the woman in danger of death unless an abortion is performed; and
>
> (B) for which the total amount of Federal and State expenditures under the Medicaid program under title XIX of the Social Security Act for medical assistance furnished in fiscal year 2023 made directly, or by a covered  organization, to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity, or made to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity as part of a nationwide health care provider network, exceeded $800,000.

Id. § 71113(b)(1). The definition of "prohibited entity" captures all Planned Parenthood Federation Members, including some that do not perform abortion and/or did not receive more than $800,000 in Medicaid reimbursements during fiscal year 2023. Mem. & Order 13–14 [Doc. No. 69]; Custer Decl. ¶ 47 [Doc. No. 5-1]; Lee Decl. ¶ 29 [Doc. No. 5-2]. The definition also covers two entities that are not Planned Parenthood Federation Members. See Mem. & Order 14; Snyder Decl. ¶ 6 [Doc. No. 53-2].

Plaintiffs filed this action on July 7, 2025, alleging that Section 71113 violates the United States Constitution by subjecting Planned Parenthood Federation and its Members to a bill of attainder, by retaliating against them in violation of the First Amendment, and by denying them equal protection of the law. See Compl. ¶¶ 130–53 [Doc. No. 1]. Plaintiffs also alleged that where Planned Parenthood Members that do not perform abortion and/or did not receive more than $800,000 in Medicaid reimbursements during fiscal year 2023 would be covered based on their affiliation with other Members, Section 71113 imposes an unconstitutional condition on their First Amendment rights and is unconstitutionally vague in violation of the Fifth Amendment. Id. ¶¶ 164–75.

Plaintiffs also filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 4]. In opposing Plaintiffs' Motion [Doc. No. 4], Defendants requested that the court stay any injunctive relief pending appeal. Defs.' Mem. 44 [Doc. No. 53]. On July 21, 2025, the court granted Plaintiffs' request for a Preliminary Injunction in part and enjoined Defendants from enforcing or otherwise applying Section 71113 against Planned Parenthood Federation Members, including Planned Parenthood Utah, who will not provide abortion services as of October 1, 2025, or for whom the total amount of Federal and State expenditures under the Medicaid program furnished in fiscal year 2023 made directly to them did

3

not exceed $800,000. Mem. & Order 35 [Doc. No. 62]. The court denied Defendants' request to stay this injunction pending appeal. Id. 33–35. Defendants appealed this ruling the following day, Notice of Appeal [Doc. No. 63], but did not seek a stay from the First Circuit at that time.

On July 28, the court granted the remainder of Plaintiffs' request for injunctive relief. The court enjoined Defendants from enforcing or applying Section 71113 against Planned Parenthood Utah, Planned Parenthood Massachusetts, and all other Planned Parenthood Federation Members. Mem. & Order 58 [Doc. No. 69]. The court again denied Defendants' request for a stay pending appeal, finding that Defendants did not carry their burden to show that a stay was warranted. Id. at 57. Defendants appealed that ruling on August 5, 2025. Notice of Appeal [Doc. No. 75]. Again, Defendants did not seek a stay from the First Circuit at that time.

On August 7, 2025, Defendants filed the pending standalone Motion to Stay Preliminary Injunctions Pending Appeal [Doc. No. 84], which requested a stay of the court's July 21, 2025 Memorandum & Order [Doc. No. 62] and July 28, 2025 Memorandum & Order [Doc. No. 69] pending appeal to the United States Court of Appeals for the First Circuit. Mot. 1 [Doc. No. 84]. On August 11, 2025, the court ordered Plaintiffs to respond to Defendants' Motion [Doc. No. 84] no later than August 21, 2025, in accordance with Local Rule 7.1(b)(2). See Elec. Order [Doc. No. 87].

That evening, Defendants sought a stay in the First Circuit. See Appellants' Mot. for Stay Pending Appeal, Planned Parenthood Federation of America, Inc., v. Robert F. Kennedy, Jr., No. 25-1698 (1st Cir., Aug. 11, 2025). Defendants did not withdraw the Motion [Doc. No. 84] pending before this court, however, and on August 19, 2025, the First Circuit denied Defendants' stay request without prejudice. See Order 1 [Doc. No. 89].

On Thursday, August 20, 2025, Defendants notified the court that they would not seek leave to file a Reply in support of the pending Motion [Doc. No. 84]. Defs.' Notice Regarding Stay Mot. [Doc. No. 91]. Defendants requested that the court rule on their motion no later than Monday, August 25, 2025, "so that, if needed, Defendants may seek relief from the First Circuit and, if further relief is necessary, from the Supreme Court in advance of October 1, 2025[.]" Id. at 3. Although Defendants initiated appellate proceedings on July 22, 2025, see Notice of Appeal [Doc. No. 63], and now seek a stay, to date they have not sought expedited review from the First Circuit of the preliminary injunction orders.

## II.    Standard of Review

A district court may stay injunctive relief while an appeal is pending. Fed. R. Civ. P. 62(d). However, "[a] stay is an intrusion into the ordinary processes of administration and judicial review." Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotations and citation omitted); accord New York v. Trump, 133 F.4th 51, 65 (1st Cir. 2025). Accordingly, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." Nken, 556 U.S. at 433 (citation omitted).

"[T]he party seeking a stay—here, the Government—bears the burden of proving that the circumstances justify one." New Jersey v. Trump, 131 F.4th 27, 34 (1st Cir. 2025). In determining whether the circumstances warrant a stay, courts consider

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken, 556 U.S. at 426.

"The first two factors . . . are the most critical. It is not enough that the [applicant's] chance of success on the merits be better than negligible." Id. at 434 (internal quotations and

citation omitted). Similarly, "simply showing some possibility of irreparable injury fails to satisfy the second factor." Id. at 434–35 (internal quotations and citation omitted). Courts assess the harm to other interested parties and weigh the public interest "[o]nce an applicant satisfies the first two factors." Id. at 435.

### III.    Discussion

#### A.    *Defendants' Likelihood of Success on the Merits*

In the orders on appeal, the court concluded that Plaintiffs demonstrated a substantial likelihood of success on their claims that Section 71113 unconstitutionally conditions Medicaid funding on Planned Parenthood Members foregoing associational rights, violates Planned Parenthood Members' right to equal protection, and subjects Planned Parenthood Federation and its Members to a bill of attainder. Mem. & Order 23–49 [Doc. No. 69]; see also Mem. & Order 16–28 [Doc. No. 62] (concluding Section 71113 unconstitutionally conditions Medicaid funding on Planned Parenthood Members foregoing associational rights and violates Planned Parenthood Members' right to equal protection). Defendants argue that they are likely to succeed on the merits on appeal, focusing primarily on their contention that Section 71113 is not a bill of attainder. See Mem. ISO Mot. to Stay 3–9 [Doc. No. 85]. As explained below, Defendants have not "made a strong showing" that their challenges are likely to prevail on appeal as to any of the grounds on which Plaintiffs have thus far shown a likelihood of success, let alone all three.

##### 1.    The First Amendment and Equal Protection Claims

###### a.    The Court's Original Findings

Defendants argue that Section 71113's "reference to an entity's 'affiliates' . . . in defining a 'prohibited entity' does not transform the entire provision into an intrusion on the First Amendment's protection of expressive association." Mem. ISO Mot. to Stay 9 [Doc. No. 85]. In their construct, "Section 71113 does not require Medicaid recipients (i.e. providers) to refrain

6

from any form of expressive activity." Mem. ISO Mot. to Stay 12 [Doc. No. 85]. But Defendants ignore that Section 71113 does exactly that where it requires Members to disassociate from each other to continue receiving Medicaid reimbursement. See Mem. & Order 26, 28, 45 [Doc. No. 69].

As the court explained, "[m]embership in Planned Parenthood Federation—and corresponding affiliation with other Members—is . . . part and parcel with Planned Parenthood Members' associational expression." Mem. & Order 27 [Doc. No. 69]. Defendants have asserted that "HHS and CMS could permissibly conclude . . . that [Planned Parenthood Federation] members are all 'affiliates' within the meaning of the statute." Defs.' Mem. 29 [Doc. No. 53]. Consequently, Planned Parenthood Members who do not perform abortions must relinquish their affiliation with other Planned Parenthood Members, and thus with Planned Parenthood Federation, to avoid Section 71113's coverage. Where the law discourages membership in Planned Parenthood Federation, it diminishes Members' associational expression. See NAACP v. Claiborne Hardware Co., 458 U.S. 886, 908 (1982) ("Effective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association.") (quoting NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 460 (1958)). And expressive association itself is protected by the First Amendment. Roberts v. U.S. Jaycees, 468 U.S. 609, 622 (1984) (explaining Supreme Court has "long understood as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends."). Where Section 71113 discourages Planned Parenthood Members from "affiliating" with each other via Membership in Planned Parenthood Federation, it is irrelevant that Section 71113 does not prevent Members from "collaborat[ing] for the purpose of advocacy,

7

prais[ing] or endors[ing] each other publicly, participat[ing] in events, or issu[ing] joint press releases." Mem. ISO Mot. to Stay 12 [Doc. No. 85].

Defendants suggest that Section 71113 at most creates a First Amendment concern only regarding its application "to a handful of unusual Planned Parenthood members." Mem. ISO Mot. to Stay 13 [Doc. No. 85]. But the court has explained that Section 71113 also impinges Planned Parenthood Federation's associational right. See Mem. & Order 37, 45, 52 [Doc. No. 69]. As Defendants have pointed out, "[a]ny [Planned Parenthood Federation] member can . . . remove itself from the provision's scope by . . . ceasing to provide for abortions and disaffiliating with entities that do." Defs.' Mem. 11 [Doc. No. 53]; see also Mem. & Order 34, 39, 45 [Doc. No. 69] (discussing disaffiliation requirement). But because disaffiliating from other Members requires disassociating from Planned Parenthood Federation, Section 71113's application on the basis of affiliation inhibits Planned Parenthood Federation's ability to engage in collective advocacy. The law thus "impinges on Planned Parenthood Federation's . . . right of association." Mem. & Order 45 [Doc. No. 69]; see also Mem. & Order 30 [Doc. No. 62] ("[W]here Section 71113 burdens Non-qualifying Members' affiliation with other Planned Parenthood Members, it diminishes Planned Parenthood Federation's and those Members' associational expression and causes First Amendment injury.").

Because Section 71113 burdens Planned Parenthood Federation and its Members' associational expression, the court concluded that Section 71113 is subject to strict scrutiny. Mem. & Order 45 [Doc. No. 69]. Laws that impinge on fundamental rights, including First Amendment rights, "will only be upheld if 'precisely tailored to serve a compelling governmental interest.'" Rocket Learning, Inc. v. Rivera-Sanchez, 715 F.3d 1, 9 n.6 (1st Cir. 2013) (quoting Plyler v. Doe, 457 U.S. 202, 217 (1982)); Mem. & Order 45–47 [Doc. No. 69].

8

Although Defendants contest the court's alternative conclusion that Section 71113 is unlikely to survive rational basis review, see Mem. ISO Mot. to Stay 14 [Doc. No. 85], they do not contend that "halting funding to certain large abortion providers" constitutes a compelling government interest, see Mem. ISO Mot. to Stay 16 [Doc. No. 85], or that Section 71113 is "precisely tailored" to any compelling interest such that it can survive strict scrutiny.

The court concluded that Plaintiffs are also likely to succeed in establishing that Section 71113 fails rational basis review because Section 71113's conjunctive criteria "affect[] only a small number of abortion providers," "leave[] every other conceivable category [of abortion provider] unaffected," and include Planned Parenthood Members who do not provide abortion. Mem. & Order 47–49 [Doc. No. 69]. Defendants continue to argue that the law's criteria are rational in isolation, suggesting that because essential community providers—which primarily serve low-income, medically underserved individuals—are most likely to have many Medicaid patients, depriving Medicaid funding from only this category of healthcare providers "justif[ies] the administrative burdens associated with identifying prohibited entities." Mem ISO Mot. to Stay 15 [Doc. No. 85]. But it is the criteria in conjunction that single out Planned Parenthood Federation Members (and only two other known entities) for unequal treatment. Mem. & Order 44–45 [Doc. No. 69]. Therefore, Section 71113's conjunctive definition undermines the conceived rational bases for the law notwithstanding justifications for any of the individual criterion. See Mem. & Order 47–49 [Doc. No. 69].

Defendants assert that "halting federal subsidies to one category of abortion providers plainly serves" the goal of reducing abortion. See Mem. ISO Mot. to Stay 14 [Doc. No. 85]. "But discriminatory exclusion . . . is [not] a permissible legislative end." Mem. & Order 48 [Doc. No. 69] (citing Lyng v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.,

9

UAW, 485 U.S. 360, 373 (1988) and Romer v. Evans, 517 U.S. 620, 632 (1996)). And as the court detailed, Section 71113 excludes a category of Medicaid programs that is both over and underinclusive such that it likely violates Plaintiffs and Planned Parenthood Members' constitutional right to equal protection under both strict scrutiny and rational basis review. See id. at 44–49.

      b.    Defendants' New Arguments

Defendants' Memorandum in Support of Motion to Stay [Doc. No. 85] also seeks to justify the law's coverage of "affiliates" as no more than "an incidental burden" on protected expression. Mem. ISO Mot. to Stay 11 [Doc. No. 85] (citing United States v. O'Brien, 391 U.S. 367, 377 (1968) and Arcara v. Cloud Books, Inc., 478 U.S. 697, 705 (1986)). However, Defendants previously asserted only that "the law does not restrict speech or burden association." Defs.' Mem. 34 [Doc. No. 53]; see also id. at 7 ("providing abortions is conduct, not speech); id. at 35 ("Section 71113 . . . does not condition government funding on speech at all."). To the extent Defendants seek to justify the law's burden on protected expression for the first time through their Motion to Stay [Doc. No. 84], their argument is not properly before the court. See Iverson v. City Of Bos., 452 F.3d 94, 103 (1st Cir. 2006) (concluding plaintiff waived argument not presented in opposition to defendant's dispositive motion); cf. Disaster Sols., LLC v. City of Santa Isabel, Puerto Rico, 21 F.4th 1 (1st Cir. 2021) (holding argument waived where not presented prior to post-judgment motion).

The court nonetheless addresses Defendants' new argument in light of the important First Amendment issues at stake. In the cases on which Defendants rely, the Court "has held that when 'speech' and 'nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." O'Brien, 391 U.S. at 376. Instead of regulating one

10

course of conduct, Section 71113 requires Planned Parenthood Members to refrain from specific

activities—including affiliating with Planned Parenthood Federation and Members that provide

abortion—to continue engaging in a separate activity—participating in Medicaid programs.

Defendants have not articulated why their argument under the O'Brien test will prevail where

Plaintiffs' First Amendment claim turns on application of the unconstitutional conditions

framework. See Mem. & Order 23–30 [Doc. No. 69].

As the court explained, the Supreme Court has emphasized in unconstitutional conditions

cases that permitting regulated entities to use distinct (albeit closely-related) corporate entities to

separate federally funded activities from protected expression that Congress chooses not to fund

"allows Congress to set conditions with its spending powers without unconstitutionally

leveraging the funding." Mem. & Order 28 [Doc. No. 69] (discussing Regan v. Taxation With

Representation of Wash., 461 U.S. 540 (1983) and FCC v. League of Women Voters of Cal., 468

U.S. 364 (1984)). But the "affiliates" provision does the opposite; it leverages funding to coerce

disaffiliation among Members and from Planned Parenthood Federation.

Defendants acknowledge that in the cases on which the court relied, "the Supreme Court

recognized that the resulting First Amendment concerns would be alleviated if the government

permitted the regulated entities" to engage in protected expression "through their affiliates."

Mem. ISO Mot. to Stay 10 [Doc. No. 85] (citing Regan, 461 U.S. at 543, and FCC, 468 U.S. at

400-01). Defendants argue "[t]hat principle has no bearing here, where Section 71113 does not

require Medicaid recipients (i.e. providers) to refrain from any expressive activity." Id. But

Section 71113 does exactly that: The law requires Planned Parenthood Members to refrain from

affiliating with Members that provide abortions, and that affiliation is for expressive activity. See

Mem. & Order 26–27 [Doc. No. 69] (explaining "the record demonstrates that Members'

11

affiliation via their membership in Planned Parenthood Federation is expressive"). And as this court previously explained, "Section 71113 prohibits the type of dual structure that would have insulated the abortion restriction from an unconstitutional conditions challenge." Mem. & Order 29 [Doc. No. 69].

Even assuming that O'Brien applies, Defendants have not made the requisite showing that the burden on First Amendment rights is permissible here. A government regulation is sufficiently justified if, inter alia, "the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." O'Brien, 391 U.S. at 377 (footnotes omitted) (emphasis added). Defendants make no such showing.

Defendants argue only that the "affiliates" provision is necessary because without it, "a prohibited entity could create subsidiaries or affiliates and then use them to obtain federal Medicaid funds, frustrating Congress' objective of withholding taxpayer dollars from certain large abortion providers." Mem. ISO Mot. to Stay 10 [Doc. No. 85]. But while Defendants focus on evasion of the law through new "subsidiaries" or other entities under a prohibited entity's control, the provision has no such limitation. Instead, it encompasses existing affiliates that do not provide abortion. And there is no indication in the record that Planned Parenthood Members share revenues from Medicaid reimbursements. The result is a restriction on associational freedom that is in no way "essential to the furtherance of [Defendants'] interest" in withholding funds from certain abortion providers, Arcara, 478 U.S. at 703 (quoting O'Brien, 391 U.S. at 377 (footnotes omitted)), and instead imposes a wholly unwarranted burden.

Further, Section 71113 differs in significant respects from the list of statutory provisions Defendants offer to suggest that the term "affiliates" raises no First Amendment concern. See Mem. ISO Mot. to Stay 10–11 [Doc. No. 85]. First, the statutes Defendants identify illustrate that

where Congress seeks to prevent evasion of regulation through related entities, it has done so by carefully defining the relationships at issue to ensure that the statute only applies to organizations related to the regulated entities via "control."[1] In contrast here, Section 71113 does not define or limit the term "affiliates." And while Defendants contend that the term "affiliates" necessarily has the same meaning in Section 71113 as it does in those statutes, Section 71113 does not contain the same limitation. Consistent with the absence of any express limit on the term "affiliates," Defendants have argued that "Planned Parenthood Federations' 'membership

---

[1] See e.g. 12 U.S.C. § 1841(k) ("For purposes of this chapter [relating to banking regulation], the term 'affiliate' means any company that controls, is controlled by, or is under common control with another company."); 21 U.S.C. § 350g(l)(4)(A) (defining, for purposes of section regarding monitoring and recordkeeping at facilities engaged in food manufacturing and processing, "[t]he term 'affiliate'" as "any facility that controls, is controlled by, or is under common control with another facility"); 26 U.S.C. § 414(b) (treating, for purposes of certain sections of the Internal Revenue Code, "all employees of all corporations which are members of a controlled group of corporations (within the meaning of section 1563(a) . . . as employed by a single employer")) and id. § 1563(a) (defining a "controlled group of corporations" based on stock ownership); 29 U.S.C. § 1301(14) (defining, for purposes of determining the employer for certain plans under ERISA, a "controlled group" to mean a group "under common control" of a person); 15 U.S.C. § 1693o-2(c)(1) (defining, for the purpose of exemption from regulations on interchange fees for electronic debit transactions, "[t]he term 'affiliate'" as "any company that controls, is controlled by, or is under common control with another company"); 7 U.S.C. § 136a-1(i)(E)(ii)(II)(bb) (explaining, for purposes of setting fees for registrants of pesticides, "persons are affiliates of each other if, directly or indirectly, either person controls or has the power to control the other person, or a third person controls or has the power to control both persons"); 16 U.S.C. § 620e(5) (defining, for purposes of statute restricting exports of unprocessed timber from federal lands, "person" subject to restrictions to include "business affiliates where 1 affiliate controls or has the power to control the other or when both are controlled directly or indirectly by a third person"); 42 U.S.C. § 16451(1) (defining, for purposes of statute concerning records costs incurred by a public utility or natural gas company, "[t]he term 'affiliate' of a company" as "any company, 5 percent or more of the outstanding voting securities of which are owned, controlled, or held with power to vote, directly or indirectly, by such company"); cf. 50 U.S.C. § 4611 (explaining, where the President has found a violation of multilateral export control violations by a foreign person, sanctions may be imposed on "any parent, affiliate, subsidiary, and successor entity of the foreign person," except where the President determines that "the parent, affiliate, subsidiary, or successor entity . . . has not knowingly violated the export control regulation violated by the foreign person" and other requirements are met).

13

standards,' 'accreditation standards,' and 'shared medical standards and guidelines,' would be sufficient to show common control such that Planned Parenthood Members who do not provide abortion could be 'affiliates' of the Planned Parenthood Members who do," Mem. & Order 26 [Doc. 69] (quoting Defs.' Mem. 28 [Doc. No. 53]), even though the record before the court demonstrates that each Planned Parenthood Member is an independent organization that is incorporated and governed separately from other Members, and that each has its own CEO and governance structure. See id. at 8 (citing Custer Decl. ¶ 9 [Doc. No. 5-1]; Lee Decl. ¶ 10 [Doc. No. 5-2]; Ghorbani Decl. ¶¶ 1, 8–9 [Doc. No. 5-3]).

Second, none of the statutes cited by Defendants impact First Amendment protected activity or circumstances in which the affiliation at issue is "part and parcel with . . . associational expression." See Mem. & Order 27 [Doc. No. 69]. Plaintiffs have demonstrated that Planned Parenthood Members' affiliation with each other is expressive. Id. at 26–27. That Congress has used the term "affiliates" in contexts that do not implicate collective advocacy has no bearing on the First Amendment issue here.

2. Defendants' Renewed Bill of Attainder Arguments

Defendants argue that they are likely to prevail on the merits because Section 71113 is not a bill of attainder. Mem. ISO Mot. to Stay 3 [Doc. No. 85]. First, Defendants argue that Section 71113 does not impose punishment, and instead "advances Congress's 'nonpunitive legislative purpose[]' of ending Medicaid funding for certain abortion providers." Id. (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 475–76 (1977)). Second, Defendants argue that Section 71113 is not a bill of attainder because it does not single out identifiable individuals. Id. at 6.

The Bill of Attainder Clause prohibits Congress from enacting a law that "legislatively determines guilt and inflicts punishment" on an identifiable party without a judicial trial. Nixon

14

v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977). "The deprivation of any rights, civil or political, previously enjoyed, may be punishment[.]" Cummings v. Missouri, 71 U.S. 277, 320 (1866). The Supreme Court has recognized three necessary inquiries in determining whether a statute imposes punishment: "(1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, 'viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes'; and (3) whether the legislative record 'evinces a congressional intent to punish.'" Selective Serv. Sys., 468 U.S. 841, 852 (1984) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977)). The determination is ultimately circumstantial, and none of these inquiries are dispositive. See Selective Serv. Sys., 468 U.S. at 852–54.

Defendants contend that "[h]alting the flow of federal Medicaid funds . . . bears no resemblance to the forms of punishment that implicate the Bill of Attainder Clause." Mem. ISO Mot. to Stay 4 [Doc. No. 85]. But in determining that Section 71113 imposes punishment, the court considered not only the deprivation of Medicaid funding, but also the "occupational[] and constitutional harms that the law imposes." Mem. & Order 37 [Doc. No. 69]. The court concluded that "[w]here Section 71113 conditions a specified group's continued participation in Medicaid on Planned Parenthood Members surrendering certain activities" by October 1, 2025, namely ending abortion services and disaffiliating from other Planned Parenthood Members, the law "fits within a historical category of bills of attainder" that required particular parties to "do a given act by a named day" to escape the law's burden. Id. at 38 (collecting sources); see also Gaines v. Buford, 31 Ky. 481, 510 (1833). And because Section 71113 requires Planned Parenthood Members to either stop participating in Medicaid programs or end both legal abortion services and affiliation with other Planned Parenthood Members and Planned

15

Parenthood Federation, it bars Planned Parenthood Members from participation in Medicaid programs if they continue to affiliate for collective advocacy. See Mem. & Order 38–39 [Doc. No. 69]. It thus bears resemblance to a historical category of bills of attainder that "barr[ed] designated . . . groups from participation in specified employments or vocations." Nixon, 433 U.S. at 474.

Defendants correctly point out that abortion access is no longer constitutionally protected, Mem. ISO Mot. to Stay 7 [Doc. No. 85] (citing Dobbs v. Jackson Women's Health Org., 597 U.S. 215, 232 (2022)), but nothing in the decisions Defendants have appealed turned on an elevated status for abortion rights. That there is no constitutionally protected right to abortion does not leave Planned Parenthood Federation and its Members unprotected by other provisions of the Constitution. Singling out Planned Parenthood Members for exclusion from Medicaid programs so long as they—or any affiliate—continue to provide legal abortion, while allowing other entities that provide legal abortions to receive Medicaid reimbursements for other services, constitutes punishment within the meaning of the Bill of Attainder Clause regardless of whether abortion itself is constitutionally protected.

Defendants next assert that Section 71113 furthers a non-punitive end where "Congress could reasonably conclude that withholding Medicaid funding from entities that perform abortions will discourage at least some . . . abortions." Mem. ISO Mot. to Stay 5–6 [Doc. No. 85]. But Defendants acknowledgement that Section 71113 ends Medicaid funding only "for certain abortion providers," Mem. ISO Mot. to Stay 3 [Doc. No. 85], undercuts their contention that the law is nonpunitive. Indeed, the court determined that "there is a poor fit between Section 71113" and the goal of reducing abortion where the law "excludes few abortion providers from participating in Medicaid programs and bars Planned Parenthood Members that do not provide

16

abortion from receiving Medicaid funds." Mem. & Order 38–39 [Doc. No. 69]; cf. id. at 47 (explaining "Plaintiffs are likely to show that there is no rational relationship between the class burdened by Section 71113 . . . and the goal of reducing abortion" where "Section 71113 affects only a small number of abortion providers and leaves every other conceivable category unaffected.").

Further, the law's inclusion of only "certain abortion providers" supports the conclusion that Congress acted with an intent to punish. "Courts conduct [the] inquiry" into legislative intent "by reference to legislative history, the context or timing of the legislation, or specific aspects of the text or structure of the disputed legislation." Foretich v. U.S., 351 F.3d 1198, 1225 (D.C. Cir. 2003) (citing Selective Serv. Sys., 468 U.S. at 855 n.15). Here, Section 71113's text and structure, namely the conjunctive criteria that capture "every Planned Parenthood Member and exclude all but two other Medicaid providers[,]" substantiate the conclusion that Congress intended to punish Planned Parenthood Federation and its Members. Mem. & Order 40 [Doc. No. 69].

Additionally, although "statements by individual legislators rank among the least illuminating forms of legislative history" when determining what Congress intended a statute to mean, NLRB v. SW Gen., Inc., 580 U.S. 288, 307 (2017), statements by individual legislators in bill-of-attainder cases are relevant "where the very nature of the constitutional question requires an inquiry into legislative purpose[,]" i.e. whether Congress intended to single out a particular group for punishment. See United States v. O'Brien, 391 U.S. 367, 384 n.30 (1968). And here, where Section 71113's text does, in fact, single out Planned Parenthood Members, the legislative backdrop and statements in the record only corroborate that this was Congress's intent. See Mem. & Order 40–41 [Doc. No. 69].

17

Relatedly, Section 71113 satisfies the specification prong. A bill of attainder must name the affected parties or apply "to easily ascertainable members of a group[.]" United States v. Lovett, 328 U.S. 303, 315 (1946). A law satisfies the specification prong where it defines the affected class "entirely by irreversible acts committed by them" in the past. See Selective Serv. Sys., 468 U.S. at 848. Courts "have established [four] guideposts to aid in determining whether legislation singles out a person or class within the meaning of the Bill of Attainder Clause." SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 669 (9th Cir. 2002) (citing Selective Serv. Sys., 468 U.S. at 847, United States v. Brown, 381 U.S. 437, 448–49 (1965), and circuit court decisions). Here, the court determined that Plaintiffs were likely to succeed in establishing that Planned Parenthood Federation and its Members were the easily ascertainable target of Section 71113 based on three of these guideposts—whether the identity of the affected class was easily ascertainable when the law was passed, whether the class was defined by "past conduct [that] operates only as a designation of particular persons," and whether "the past conduct defining the affected individual or group consists of 'irrevocable acts committed by them." Mem. & Order 32–36 [Doc. No. 69].

Defendants cite Communist Party of the United States v. Subversive Activities Control Board, 367 U.S. 1 (1961), to argue that "because Section 71113 turns on whether an entity meets various requirements 'as of' [October 1, 2025]" and "plaintiffs 'can escape regulation' by altering their activities," Section 71113 does not define prohibited entities based on "'past conduct,' and instead focuses on future activity." Mem. ISO Mot to Stay 7 [Doc. No. 85]. But Defendants ignore that Section 71113 singles out Planned Parenthood Members by defining the class subject to the regulation based on immutable facts: Only entities that are "essential community provider[s] . . . primarily engaged in family planning services, reproductive health,

and related medical care" who, during fiscal year 2023 received more than $800,000 in Medicaid reimbursements or were affiliated with such an entity, are subject to the restriction that the entity not provide abortions as of October 1, 2025. Pub. L. No. 119-21, § 71113(b)(1) 139 Stat. 72 (2025).

For this reason, Section 71113 is distinct from the law at issue in Communist Party. There, any organization could be subject to the law's burden if they engaged in activities triggering the requirement, and each such organization could then shed that burden, if it "should at any time choose to abandon these activities." 367 U.S. at 87. Here, Section 71113 uses retrospective characteristics—including that, in 2023, the entity received at least $800,000 in Medicaid reimbursements or affiliated with an entity that received that amount—to identify the limited set of entities (Planned Parenthood Members and two others) who are burdened with the regulation in the first place. Further, Planned Parenthood Members cannot avoid Section 71113 by abandoning activities at any time; so long as a Member provides elective abortion as of October 1 or affiliates with an entity that does so, it is barred by Section 71113 from receiving Medicaid reimbursements for any services rendered during the entire period that the law is effective. Therefore, the law's burden does not "endure only so long as[] an organization presently conducts operations of a described character." Id.

In any event, Defendants do not dispute that historically, "some [bills of attainder] left the designated parties a way of escaping the penalty." United States v. Brown, 381 U.S. 437, 442 (1965). Consequently, Defendants' reliance on Communist Party is insufficient to make the requisite showing that they are likely to prevail on the merits of Plaintiffs' bill of attainder claim.

B.    *The Remaining Stay Factors*

Defendants have not carried their burden to establish that the remaining factors support staying preliminary relief.

Defendants assert that preliminary injunctive relief threatens significant irreparable harm to the government by interfering with Congress's power over federal spending and the "Executive Branch's authority and ability to enforce the law[.]" Mem. ISO Mot to Stay 15 [Doc. No. 85]. But Defendants do not dispute the court's conclusion that Section 71113 has a negligible impact on the federal budget or on Medicaid spending. See Mem. & Order 53 [Doc. No. 69]. Instead, Defendants point out that "Congress adjusts federal spending for many reasons other than reducing the overall budget deficit[,]" and assert that Congress has determined that "halting funding to certain large abortion providers serves the public interest." Mem. ISO Mot. to Stay 16 [Doc. No. 85].

But "Congress exercises its conferred powers subject to the limitations contained in the Constitution." New York v. United States, 505 U.S. 144, 156 (1992). Therefore, "other constitutional provisions may provide an independent bar" to Congress's exercise of its spending power. South Dakota v. Dole, 483 U.S. 203, 208 (1987). Here, Defendants suffer no irreparable harm where Plaintiffs are substantially likely to succeed in establishing that Section 71113 violates several constitutional provisions. As explained above and in the court's previous orders, it is precisely because Congress targeted only a "certain" group of entities for exclusion from Medicaid programs—all but two of which are Planned Parenthood Federation Members—that Plaintiffs are likely to succeed in establishing that Section 71113 is unconstitutional. See generally Mem. & Order 30–49 [Doc. No. 69]. Although Congress has significant latitude in allocating funds "from a finite pool of resources," Congress cannot pursue fiscal objectives "by

20

discriminating against individuals or groups." See Lyng v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW, 485 U.S. 360, 373 (1988). Where Plaintiffs have shown that Congress has likely exercised its power in violation of Plaintiffs and Planned Parenthood Federation Members' constitutional rights, Defendants do not suffer irreparable harm from preliminary relief pending a final determination of Plaintiffs' claims. Cf. Somerville Pub. Sch. v. McMahon, 139 F.4th 63, 74–75 (1st Cir. 2025) (concluding preliminary injunction "undermining implementation" of federal policy would not cause government irreparable injury where government conceded that policy would be unlawful).

Moreover, Defendants have not established that a stay should issue where Plaintiffs and Planned Parenthood Federation Members face irreparable harm in the absence of preliminary injunctive relief. Although Defendants disagree with the court's conclusions regarding Plaintiffs' constitutional claims, see Mem. ISO Mot for Stay 16 [Doc. No. 85], they do not dispute the principle that constitutional harms, and impingement on First Amendment Freedoms in particular, is an irreparable injury. See Mahmoud v. Taylor, 606 U.S. __, 145 S. Ct. 2332, 2364 (2025). And staying relief that preliminarily enjoins Section 71113's enforcement is counter to the public interest where Plaintiffs are likely to succeed in establishing that Section 71113 is unconstitutional. See Somerville Pub. Sch. v. McMahon, 139 F.4th 63, 76 (1st Cir. 2025); New Hampshire Indonesian Cmty. Support v. Trump, 765 F. Supp. 3d 102, 112 (D.N.H. 2025) (explaining government has "no interest in enforcing an unconstitutional law, [and] the public interest is harmed by the enforcement of laws repugnant to the United States Constitution[]") (citation omitted) (alteration in original); see also Mem. & Order 54 [Doc. No. 69] (citing Roman Cath. Diocese of Brooklyn, 592 U.S. 14, 19–20 (2020)).

Moreover, Plaintiffs have shown via declaration that Planned Parenthood Member clinics will be forced to reduce or eliminate healthcare services and turn away Medicaid patients, that some Member clinics are likely to temporarily or permanently close, and that all Planned Parenthood Member patients are likely to face increased wait times and disrupted or reduced access to care. See Custer Decl. ¶¶ 4, 51, 54–57, 78 [Doc. No. 5-1]; Lee Decl. ¶¶ 40–42 [Doc. No. 5-2]; Ghorbani Decl. ¶¶ 6, 24 [Doc. No. 5-3]; Tosh Decl. ¶¶ 45–48 [Doc. No. 5-4]. In light of this showing, Defendants' unsupported suggestions that Plaintiffs could continue providing the same level of service with other funding sources and that Medicaid patients could obtain the same care from other healthcare providers, see Mem. ISO Mot. to Stay 16 [Doc. No. 85], do not establish that a stay is otherwise in the public interest.

Defendants ultimately contend that because Acts of Congress are presumptively constitutional, they "'should remain in effect pending a final decision on the merits' by the Supreme Court." Mem. ISO Mot. to Stay 2, 15 [Doc. No. 85] (quoting Turner Broadcasting System, Inc. v. FCC, 507 U.S. 1301, 1302 (1993) (Rehnquist, C.J., in chambers)). But here, the court has determined that Plaintiffs have rebutted the presumption of constitutionality that attaches to Acts of Congress for the purpose of seeking preliminary relief. See, e.g., Mem. & Order 54 [Doc. No. 69] (explaining preliminary injunction is in public interest "[w]here Plaintiffs have demonstrated a substantial likelihood of success on constitutional claims premised on impingement of First Amendment associational rights, singling out Planned Parenthood Federation and its Members for legislative punishment, and denial of equal protection").

Courts "may not resolve a conflict between considered review and effective relief" by granting a stay "reflexively." See Nken v. Holder, 556 U.S. 418, 427 (2009). Although the

issuance of a stay is left to the court's discretion, that "does not mean that no legal standard governs that discretion . . . . [A] motion to [a court's] discretion is a motion . . . to its judgment; and its judgment is to be guided by sound legal principles." Id. at 434 (internal citation and quotations omitted). Those legal principles have been distilled into the four stay factors. Id. And for the reasons explained above, Defendants have not established that any of those factors weigh in favor of a stay.

### IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Stay Preliminary Injunctions Pending Appeal [Doc. No. 84] is DENIED.

IT IS SO ORDERED.

August 29, 2025                                                                /s/Indira Talwani
                                                                                         United States District Judge