**Nos. 25-1698, 25-1755**

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., ET AL.,

*Plaintiffs-Appellees*,

v.

ROBERT F. KENNEDY, JR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Massachusetts in Case No. 1:25-cv-11913

**EMERGENCY MOTION FOR RECONSIDERATION OF STAY ORDER
AND FOR EXPEDITED BRIEFING**

Emily Nestler
PLANNED PARENTHOOD
 FEDERATION OF AMERICA, INC.
1110 Vermont Avenue, NW
Washington, D.C. 20005
Tel.: (202) 973-4800
emily.nestler@ppfa.org

Alan Schoenfeld
Cassandra A. Mitchell
Alex W. Miller
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 937-7294
alan.schoenfeld@wilmerhale.com
cassie.mitchell@wilmerhale.com
alex.miller@wilmerhale.com

*Attorneys for Plaintiffs-Appellees*

September 16, 2025

ADDITIONAL COUNSEL ON INSIDE COVER

C. Peyton Humphreville
Kyla Eastling
PLANNED PARENTHOOD
 FEDERATION OF AMERICA, INC.
123 William Street
New York, NY 10038
Tel.: (212) 441-4363
peyton.humphreville@ppfa.org
kyla.eastling@ppfa.org

Albinas Prizgintas
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 663-6700
albinas.prizgintas@wilmerhale.com

Sharon K. Hogue
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
sharon.hogue@wilmerhale.com

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................1

STATEMENT ....................................................................................................2

ARGUMENT .....................................................................................................4

I. RECONSIDERATION OF THIS COURT'S STAY ORDER IS WARRANTED ...............................................................................4

II. GOOD CAUSE SUPPORTS A REQUEST FOR EXPEDITED BRIEFING OF THE MERITS OF THIS CASE ON APPEAL......................7

CONCLUSION ..................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beckwith v. Frey*,
    No. 25-1160, Dkt.00118270772 (1st Cir. Apr. 10, 2025) ................................6

*Nken v. Holder*,
    556 U.S. 418 (2009) ........................................................................................4

*Whalen v. Roe*,
    423 U. S. 1313 (1975) (Marshall, J., in chambers) .........................................7

*Williams v. Zbaraz*,
    442 U. S. 1309 (1979) (Stevens, J., in chambers) ...........................................7

**Statutes, Rules, and Regulations**

45 C.F.R. §156.235 ....................................................................................................2

Pub. L. No. 119-21, 139 Stat. 72 (July 4, 2025) ........................................................2

**INTRODUCTION**

Plaintiffs Planned Parenthood Federation of America ("PPFA") and its Members (together, "Planned Parenthood") move for reconsideration of the Court's September 11 Order granting the government's motion for stay pending appeal and seek an expedited briefing schedule on the government's appeals. The district court repeatedly found—across five separate orders—that Planned Parenthood is likely to succeed on the merits of its constitutional challenges and will suffer irreparable harm in the absence of preliminary relief. This Court's order addresses none of the district court's analysis on the merits or extensive findings regarding the irreparable harm that the Defund Provision will cause Planned Parenthood and its patients. Medicaid and non-Medicaid patients alike will lose access to essential health care. Services will be eliminated, staff will be laid off, and clinics will likely shutter. Alternative providers either do not exist or cannot fill the gap. The damage to Planned Parenthood's operations and public health will be devastating and irreversible.

As against these concrete harms, the government presented only a generalized interest in enforcing an unconstitutional law. Even setting aside the weakness of that position on the merits, the government's litigation conduct belied any need for emergency relief from the district court's preliminary injunctions—the government delayed seeking relief in this Court for weeks after the district court's initial orders. And any legitimate government interest can be adequately protected by expedited

briefing on the merits of this case on appeal. The Court should vacate its stay and order prompt briefing.

## STATEMENT[1]

Section 71113 of the "One Big Beautiful Bill"—the Defund Provision—categorically excludes Planned Parenthood Members from Medicaid. The Defund Provision prohibits federal Medicaid funds from going to a "prohibited entity" for "services furnished during the 1-year period beginning on the date of the enactment of this Act." Pub. L. No. 119-21, 139 Stat. 72, 300-01 (July 4, 2025). A "prohibited entity" is defined as "an entity, including its affiliates, subsidiaries, successors, and clinics," that:

> (1) "provides for abortions," other than abortions in the case of rape or incest or where the pregnant patient's life is in danger;
>
> (2) is a 501(c)(3) nonprofit;
>
> (3) "is an essential community provider described in" 45 C.F.R. §156.235 "primarily engaged in family planning services, reproductive health, and related medical care"; and
>
> (4) "for which the total amount of Federal and State expenditures under the Medicaid program … in fiscal year 2023 made directly … to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity, or made to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity as part of a nationwide health care provider network, exceeded $800,000."

---

[1] Planned Parenthood incorporates by reference the statement in its opposition to the government's motion for stay pending appeal, Nos. 25-1698, 25-1755, Dkt.00118335512 (1st Cir. Sept. 3, 2025), and provides here only a brief summary given the Court's familiarity with the record.

- 2 -

These criteria were gerrymandered to capture Planned Parenthood Members. Some Members, including Planned Parenthood League of Massachusetts ("PPLM"), independently satisfy the law's requirements. Others, including Planned Parenthood Association of Utah ("PPAU"), do not, because they either do not provide abortion services or did not receive over $800,000 in Medicaid funds during fiscal year 2023 (the "Non-Qualifying Members").

To prevent immediate and devastating harm to themselves and Planned Parenthood Member patients, Planned Parenthood sought to enjoin the Defund Provision's enforcement on July 7, and moved for a temporary restraining order and preliminary injunction. Dkt.1; Dkt.4. The district court issued a temporary restraining order that day, Dkt.18, followed by an amended temporary restraining order on July 11, Dkt.46. After extensive briefing and oral argument, the district court granted Planned Parenthood's Motion for a Preliminary Injunction in part on July 21, Dkt.62, then in full on July 28, Dkt.69. The government appealed both orders. Dkt.63, Dkt.75. On August 7, the government filed a Motion to Stay Preliminary Injunctions Pending Appeal in the district court. Dkt.84. The government filed its first stay motion in this Court on August 11, which was denied without prejudice to allow the district court to address the earlier-filed motion. Dkt.89. On August 28, before the district court had ruled, the government filed another stay motion in this Court. Dkt.00118333159 ("Mt."). The district court

denied the stay motion on August 29. Dkt.93 ("Op."). On September 11, this Court granted the government's motion. Dkt.00118339168 ("Or.").

## ARGUMENT

**I. RECONSIDERATION OF THIS COURT'S STAY ORDER IS WARRANTED**

The government failed to justify the extraordinary relief of a stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 427 (2009). A stay requires the government to make a clear showing that (1) the government is likely to succeed on the merits; (2) the government will be irreparably harmed absent a stay; (3) Planned Parenthood will not be substantially injured by the stay; and (4) the public interest supports the stay. *Id.* at 426. In concluding that a stay was warranted, the Court did not set forth its reasoning on any of these factors (Or.2), and, respectfully, none is satisfied.

This Court's order results in devastating harm for Planned Parenthood, as demonstrated by the unrebutted factual record in this case. Medicaid funding constitutes one third of Planned Parenthood Members' collective total care revenue annually. Dkt.5 at 39. Losing this funding will force Planned Parenthood Members to cut back on hours of operation and services, terminate staff, and eventually close clinics. *Id.* By the time this litigation is resolved, closed clinics may not be able to reopen. *Id.* And even assuming Members could resume their services, patients may not return given the disruption to the patient-provider relationship and the damage to Planned Parenthood's goodwill and reputation. *Id.*; Op.22.

Patients will suffer. Planned Parenthood Members will be forced to turn away the over-a-million Medicaid-covered patients who rely on them annually for health care needs. Dkt.5 at 37. As a result, patients will need to seek vital care elsewhere. *Id.* at 39-40. But providers accepting Medicaid patients are limited, and of those that do, few offer comparable quality. *Id.* at 40. Even where other suitable providers exist, such providers may not have the capacity to absorb the patients of the defunded Planned Parenthood Members. *Id.* Millions of individuals will therefore not be able to obtain timely care or any care at all, to the serious detriment of their health—resulting in unintended and riskier pregnancies, undetected cancers and other health conditions, and an increase in sexually transmitted diseases. *Id.* at 40-41.

The equities thus tilt sharply in Planned Parenthood's favor. Generalized harms the government claims it will suffer because of the preliminary injunctions' "interfere[nce] with Congress's power over federal spending" and "the Executive Branch's authority and ability to enforce the law," Mt.21, cannot overcome the concrete harms that Planned Parenthood and its Members' patients will face should the stay remain in place. The district court's preliminary injunctions, moreover, preserved the status quo, meaning that the government could not expend funds for services other than those the government had already approved. The preliminary injunctions, in force for over seven weeks before this Court's stay order, did not require the government to alter in any manner its funding of the Medicaid program

that has been in place for decades. And indeed, the government's failure to promptly seek expedited review of its stay motion before this Court or the district court "undercuts any claim that immediate relief from the injunction is required to prevent irreparable harm," Order at 2, *Beckwith v. Frey*, No. 25-1160, Dkt.00118270772 (1st Cir. Apr. 10, 2025).

Regarding the likelihood of success on the merits, the district court's "careful consideration" (Or.2) of the matter should stand. As the district court held, the Defund Provision violates the Bill of Attainder Clause, the Fifth Amendment's equal protection guarantee as to all Members, and the First Amendment rights of the Non-Qualifying Members, which extends to all Members and PPFA. Op.8. Further, the Defund Provision constitutes unlawful retaliation against all Members' protected speech and association. Pls.' Resp. Opp'n at 18-20, Nos. 25-1698, 25-1755, Dkt.00118335512 (1st Cir. Sept. 3, 2025). This Court's stay will put Planned Parenthood Members in an impossible position: choosing to exercise their associational rights at the expense of their Medicaid funding, or maintaining Medicaid eligibility at the expense of their constitutionally protected membership in Planned Parenthood. The importance of safeguarding Planned Parenthood's constitutional rights—and preserving millions of patients' access to essential health care—outweighs any temporary intrusion on the government's (non-existent) interest in enforcing an unconstitutional law.

For these reasons, the government has not met its "heavy burden of showing not only that the" district court erroneously granted a preliminary injunction, "but also that [it] will suffer irreparable injury if the [injunction] is not stayed pending [its] appeal." *Williams v. Zbaraz*, 442 U. S. 1309, 1311 (1979) (Stevens, J., in chambers) (quoting *Whalen v. Roe*, 423 U. S. 1313, 1316 (1975) (Marshall, J., in chambers)). This Court should thus grant Planned Parenthood's motion for reconsideration.

## II. GOOD CAUSE SUPPORTS A REQUEST FOR EXPEDITED BRIEFING OF THE MERITS OF THIS CASE ON APPEAL

Reconsideration and vacatur is further warranted because expedited briefing can adequately protect the government's claimed interests. As the government represented in its renewed Motion for Stay Pending Appeal, urgency is warranted in this case to clarify the issues "before prohibited entities are identified on October 1." Mt.3. Crediting the government's position, then, all parties would benefit from a prompt resolution of the district court's preliminary injunctions by then with a reasoned opinion from this Court on the merits of the government's appeals. And given that the district court litigation will continue in parallel to the government's appeal absent further order of this Court or the district court, expedited treatment of the issues here will also provide guidance to the district court.

Expedited briefing while the decades-long status quo remains in place would protect the substantive interests of both Planned Parenthood and the government—

specifically, by minimizing the period the government is barred from enforcing the statute without resolution of its appeals, while preserving Planned Parenthood's ability to exercise its protected rights and provide essential health care to its patients in advance of an accelerated ruling. But even if the Court does not vacate its stay order, an expedited schedule on the merits should still issue—prompt resolution of this case on appeal limits the Defund Provision's intrusion upon Planned Parenthood and its Members' constitutional rights, and mitigates (so far as it can) the harms to the public from the disruption of health care services during the pendency of these proceedings.

Accordingly, Planned Parenthood requests that the Court enter the following briefing schedule, which moves up the government's opening brief by one week, then shortens the responsive briefing deadlines:

- Defendants-Appellants' opening brief shall be due September 22, 2025;
- Plaintiffs-Appellees' response brief shall be due September 24, 2025; and
- Defendants-Appellants' reply brief shall be due September 26, 2025.

The government opposes this motion and does not consent to the proposed briefing schedule.

## CONCLUSION

For the reasons stated, the Court should reconsider its stay of the injunctions pending appeal and expedite the proceedings.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Alan Schoenfeld |
| Emily Nestler | Alan Schoenfeld |
| PLANNED PARENTHOOD | Cassandra A. Mitchell |
| FEDERATION OF AMERICA, INC. | Alex W. Miller |
| 1110 Vermont Avenue, NW | WILMER CUTLER PICKERING |
| Washington, D.C. 20005 | HALE AND DORR LLP |
| Tel.: (202) 973-4800 | 7 World Trade Center |
| emily.nestler@ppfa.org | 250 Greenwich Street |
|  | New York, NY 10007 |
| C. Peyton Humphreville | Tel.: (212) 937-7294 |
| Kyla Eastling | alan.schoenfeld@wilmerhale.com |
| PLANNED PARENTHOOD | cassie.mitchell@wilmerhale.com |
| FEDERATION OF AMERICA, INC. | alex.miller@wilmerhale.com |
| 123 William Street |  |
| New York, NY 10038 | Albinas Prizgintas |
| Tel.: (212) 441-4363 | WILMER CUTLER PICKERING |
| peyton.humphreville@ppfa.org | HALE AND DORR LLP |
| kyla.eastling@ppfa.org | 2100 Pennsylvania Avenue NW |
|  | Washington, DC 20037 |
|  | Tel.: (202) 663-6700 |
|  | albinas.prizgintas@wilmerhale.com |
|  |  |
|  | Sharon K. Hogue |
|  | WILMER CUTLER PICKERING |
|  | HALE AND DORR LLP |
|  | 60 State Street |
|  | Boston, MA 02109 |
|  | Tel.: (617) 526-6000 |
|  | Fax: (617) 526-5000 |
|  | sharon.hogue@wilmerhale.com |
| September 16, 2025 | *Attorneys for Plaintiffs-Appellees* |

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f), the brief contains 1,843 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Alan Schoenfeld
Alan Schoenfeld
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 937-7294
alan.schoenfeld@wilmerhale.com

September 16, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Motion for Reconsideration and Expedited Briefing and Argument with the Clerk of the United States Court of Appeals for the First Circuit via the CM/ECF system this 16th day of September, 2025 to be served on the following counsel of record via ECF:

ABRAHAM R. GEORGE
  abraham.george@usdoj.gov
DONALD CAMPBELL LOCKHART
  donald.lockhart2@usdoj.gov
U.S. ATTORNEY'S OFFICE
1 Courthouse Way
Boston, MA 02210
(617) 748-9152

BRETT A. SHUMATE
  brett.a.shumate@usdoj.gov
LEAH B. FOLEY
  leah.b.foley@usdoj.gov
ERIC D. MCARTHUR
  eric.d.mcarthur@usdoj.gov
EMILY HALL
  emily.hall@usdoj.gov
STEVEN H. HAZEL
  steven.h.hazel@usdoj.gov
BRADLEY HUMPHREYS
  bradley.humphreys@usdoj.gov
JACOB SILER
  jacob.s.siler@usdoj.gov
DANIEL TENNY
  daniel.tenny@usdoj.gov
ELIZABETH THEMINS HEDGES
  elizabeth.t.hedges@usdoj.gov
U.S. DEP'T OF JUSTICE
950 Pennsylvania Ave NW
Washington, DC 20530-0001
(202) 514-2498

ELISABETH NEYLAN
   elisabeth.j.neylan@usdoj.gov
U.S. DEP'T OF JUSTICE
1100 L St NW
Washington, DC 20530
(717) 217-8180

*Attorneys for Defendants-Appellants*

THOMAS MICHAEL HARVEY
   thomasharvey2232@embarqmail.com
LAW OFFICE OF THOMAS M. HARVEY
22 Mill St
Arlington, MA 02476
(252) 539-2111

NATHAN JEREMIAH MOELKER
   nmoelker@aclj.org
JORDAN A. SEKULOW
   jordansekulow@aclj.org
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave NE
Washington, DC 20002-5703
(202) 546-8890

OLIVIA F. SUMMERS
   osummers@aclj.org
AMERICAN CENTER FOR LAW & JUSTICE
1000 Regent University Dr
Virginia Beach, VA 23464
(757) 955-8176

*Attorneys for American Center for Law and Justice*

／s/ *Alan Schoenfeld*  
Alan Schoenfeld  
WILMER CUTLER PICKERING  
  HALE AND DORR LLP  
7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
Tel.: (212) 937-7294  
alan.schoenfeld@wilmerhale.com  


September 16, 2025