WILMERHALE

November 26, 2025

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: *Planned Parenthood Federation of America, Inc. v. Kennedy* (Nos. 25-1698, 25-1755)

Dear Ms. Dubrovsky,

We write in response to the government's November 24, 2025, Citation of Supplemental Authorities, Doc. 0118370842. The cited "authority" is a letter the Centers for Medicare & Medicaid Services (CMS) sent to state Medicaid directors purporting to provide guidance on the interpretation of the Defund Provision. The government argues that that guidance makes clear that "the statute's affiliate provision applies without regard to any form of expressive activity and thus raises no First Amendment concern." *Id.* The guidance says no such thing, and its vagueness and potential breadth reaffirm the constitutional infirmities of the Defund Provision.

The guidance states that "CMS interprets the statutory term 'affiliate' to mean 'a corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation,'" and then "further define[s] 'control'" to cover situations where one entity has "indirect power" over another through ownership, contract, "or otherwise." This vague language leaves Members guessing whether they are covered by the Defund Provision, thereby further entrenching all the same problems that gave rise to Plaintiffs' claims in this case, including their claims implicating the infringement and chilling of Plaintiffs' associational rights. The catchall terms that are included in the CMS letter without any further guidance could be construed broadly, going well beyond the government's proffered intent to stop prohibited entities from "using the corporate form to evade the funding restriction." Br.22. This is particularly salient, given the history of the Defund Provision and the government's prior position that it believes activities such as PPFA providing "practical support" or "technical assistance" to its Members, Br.24, may constitute evidence of the use of "indirect power" sufficient to establish control, which would go far beyond a definition based on corporate form, and would continue to implicate expressive activity. As a result, Appellees' constitutional claims are not mitigated by the guidance.

Best regards,

*/s/Alan E. Schoenfeld*
Alan E. Schoenfeld

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington